█ In the Matter of the Claim of MARGARET KELLY, Appellant, against MARINE WORKS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Claimant appeals from a decision of the Workmen's Compensation Board which dismissed a claim for death benefits because the board found: "On the weight of the evidence, Charles P. Kelly had not had any injurious exposure * * * to carbon tetrachloride." Decedent was employed as a chauffeur and porter for just 10 days when he became ill and subsequently died. On autopsy the cause of death was found to be "Acute degeneration o: liver and kidneys, following carbon tetrachloride poisoning". The employer was engaged in the business of selling kitchen supplies and other supplies for use on ships. It manufactured some items on a second floor of its place of business, but decedent never worked in the factory. On the first floor items were displayed for sale, and as part of his duties decedent dusted and cleaned some unused stoves that were displayed there. There is hearsay evidence by the widow and attending physician that decedent had told them he used carbon tetrachloride in cleaning stoves. However, there is no evidence that anyone ever saw him use it, authorized or directed him to use it, or that it had ever

been used by anyone. There is evidence that the only carbon tetrachloride on the premises was purchased by the employer from another manufacturer and stored on the premises in sealed containers for resale only. Appellant's principal argument seems to be that the board was bound to accept the hearsay testimony under section 118 of the Workmen's Compensation Law, and that there was adequate corroboration of the hearsay to meet the requirements of that section. Section 118 makes such testimony admissible, and it was admitted, but the statute does not require the board to accept it as true. The credibility and weight to be given all the evidence is for the board's determination. Here the legal sufficiency of the corrobation is not the issue, and the board's decision is not founded on that factor. The board merely found that on the weight of all the evidence the decedent was not exposed to carbon tetrachloride in his employment. There is substantial evidence, viewing the record as a whole, to sustain such a finding. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.